**SMILEY WANG-EKVALL, LLP**
Lei Lei Wang Ekvall, State Bar No. 163047
*lekvall@swelawfirm.com*
Robert S. Marticello, State Bar No. 244256
*rmarticello@swelawfirm.com*
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Telephone:    714 445-1000
Facsimile:    714 445-1002

Attorneys for Defendant Yueting Jia

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>YUETING JIA,<br><br>                Debtor.<br><br>HONG LIU, an individual,<br><br>                Plaintiff,<br><br>v.<br><br>YUETING JIA, an individual; and DOES 1 through 20, inclusive,<br><br>                Defendant. | Case No. 2:19-bk-24804-VZ<br><br>Chapter 11<br><br>Adv No. 2:20-ap-01022-VZ<br><br>**ANSWER OF DEFENDANT YUETING JIA TO COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. § 523(a)(2)(A) AND 11 U.S.C. § 523(a)(2)(B)** |

      Yueting Jia ("Jia"), by and through his counsel, respectfully submits his answer to the *Complaint to Determine Dischargeability of Debt Pursuant to 11 U.S.C. § 523(a)(2)(A) and 11 U.S.C. § 523(a)(2)(B)* (the "Complaint") as follows:

      1.    Answering paragraph 1 of the Complaint, Jia lacks sufficient information or belief to determine the truth or validity of the allegations and, on that basis, denies the allegations contained in paragraph 1 of the Complaint.

      2.    Jia denies the allegations contained in paragraph 2 of the Complaint.

3.  Answering paragraph 3 of the Complaint, Jia admits that Plaintiff was employed by FF from February 15, 2018 to February 11, 2019 but denies that remaining allegations contained in paragraph 3.

4.  Jia denies the allegations contained in paragraph 4 of the Complaint.

5.  The allegations in paragraph 5 of the Complaint call for a legal conclusion to which no response is required.

6.  The allegations in paragraph 6 of the Complaint call for a legal conclusion to which no response is required.

7.  The allegations in paragraph 7 of the Complaint call for a legal conclusion to which no response is required.

8.  The allegations contained in paragraph 8 of the Complaint do not call for a response.

9.  Answering paragraph 9 of the Complaint, Jia denies that Plaintiff is a creditor, and because he lacks sufficient information or belief to determine the truth or validity of the remaining allegations, Jia denies the remaining allegations contained in paragraph 9 of the Complaint.

10. The allegations set forth in paragraph 11 of the Complaint reference the capitalized term "Bankruptcy Case" which is undefined and is therefore too vague and ambiguous for Jia to either admit or deny.  Jia admits that he is a resident of California.

11. Answering paragraph 11 of the Complaint, Jia lacks sufficient information or belief to determine the truth or validity of the allegations and, on that basis, denies the allegations contained in paragraph 11 of the Complaint.

12. Answering paragraph 12 of the Complaint, Jia lacks sufficient information or belief to determine the truth or validity of the allegations and, on that basis, denies the allegations contained in paragraph 12 of the Complaint.

13. Answering paragraph 13 of the Complaint, Jia lacks sufficient information or belief to determine the truth or validity of the allegations and, on that basis, denies the allegations contained in paragraph 13 of the Complaint.

14. Answering paragraph 14 of the Complaint, Jia lacks sufficient information or belief to determine the truth or validity of the allegations and, on that basis, denies the allegations contained in paragraph 14 of the Complaint.

15. Answering paragraph 15 of the Complaint, Jia lacks sufficient information or belief to determine the truth or validity of the allegations and, on that basis, denies the allegations contained in paragraph 15 of the Complaint.

16. Answering paragraph 16 of the Complaint, Jia lacks sufficient information or belief to determine the truth or validity of the allegations and, on that basis, denies the allegations contained in paragraph 16 of the Complaint.

17. Answering paragraph 17 of the Complaint, Jia denies the allegation that Mr. Liu was fraudulent induced to leave Mayer Brown and as to the remaining allegations in paragraph 17 of the Complaint, Jia lacks sufficient information or belief to determine the truth or validity of the allegations and, on that basis, deny the allegations contained in paragraph 17 of the Complaint.

18. Jia denies the allegations contained in paragraph 18 of the Complaint,

19. Jia denies the allegations contained in paragraph 19 of the Complaint.

20. Jia denies the allegations contained in paragraph 20 of the Complaint.

21. Jia denies the allegations contained in paragraph 21 of the Complaint.

22. Jia denies the allegations contained in paragraph 22 of the Complaint.

23. Jia denies the allegations contained in paragraph 23 of the Complaint.

24. Jia denies the allegations contained in paragraph 24 of the Complaint.

25. Jia denies the allegations contained in paragraph 25 of the Complaint.

26. Jia denies the allegations contained in paragraph 26 of the Complaint.

27. Jia denies the allegations contained in paragraph 27 of the Complaint.

28. Jia denies the allegations contained in paragraph 28 of the Complaint.

29. Jia denies the allegations contained in paragraph 29 of the Complaint.

30. Answering paragraph 30 of the Complaint, Jia admits that Mr. Liu entered into the document entitled Employment Agreement that is attached as Exhibit A to the Complaint with

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

certain parties as stated in the Employment Application but denies the remaining allegations contained in paragraph 30 of the Complaint.

31. Answering paragraph 31 of the Complaint, the Employment Agreement speaks for itself and Jia denies the allegations to the extent they do not accurately reflect or recite the terms and conditions of the Employment Agreement.

32. Answering paragraph 32 of the Complaint, the Employment Agreement speaks for itself and Jia denies the allegations to the extent they do not accurately reflect or recite the terms and conditions of the Employment Agreement.

33. Answering paragraph 33 of the Complaint, the Employment Agreement speaks for itself and Jia denies the allegations to the extent they do not accurately reflect or recite the terms and conditions of the Employment Agreement.

34. Answering paragraph 34 of the Complaint, Jia admits signing the document entitled Director Compensation Agreement that is attached as Exhibit B to the Complaint but denies the remaining allegations contained in paragraph 34 of the Complaint.

35. Answering paragraph 35 of the Complaint, the Director Compensation Agreement speaks for itself and Jia denies the allegations to the extent they do not accurately reflect or recite the terms and conditions of the Directors Compensation Agreement. Jia denies there was any false representations.

36. Answering paragraph 36 of the Complaint, the Director Compensation Agreement and the Debtor's Second Amended Disclosure Statement speak for themselves and Jia denies the allegations to the extent they do not accurately reflect or recite the terms and conditions of the Directors Compensation Agreement and/or the Debtor's Second Amended Disclosure Statement.

37. Answering paragraph 37 of the Complaint, the Director Compensation Agreement speaks for itself and Jia denies the allegations to the extent they do not accurately reflect or recite the terms and conditions of the Directors Compensation Agreement.

38. Jia denies the allegations contained in paragraph 38 of the Complaint.

39. Jia admits the allegations contained in paragraph 39 of the Complaint.

40. Answering paragraph 40 of the Complaint, Jia lacks sufficient information or belief to determine the truth or validity of the allegations and, on that basis, denies the allegations contained in paragraph 40 of the Complaint.

41. Jia denies the allegations contained in paragraph 41 of the Complaint.

42. Jia denies the allegations contained in paragraph 42 of the Complaint.

43. Answering paragraph 43 of the Complaint, Jia lacks sufficient information or belief to determine the truth or validity of the allegations and, on that basis, denies the allegations contained in paragraph 43 of the Complaint.

44. Answering paragraph 44 of the Complaint, Jia lacks sufficient information or belief to determine the truth or validity of the allegations and, on that basis, denies the allegations contained in paragraph 44 of the Complaint.

45. Jia denies the allegations contained in paragraph 45 of the Complaint.

46. Jia denies the allegations contained in paragraph 46 of the Complaint.

47. Answering paragraph 47 of the Complaint, Jia lacks sufficient information or belief to determine the truth or validity of the allegations and, on that basis, denies the allegations contained in paragraph 47 of the Complaint..

48. Jia denies the allegations contained in paragraph 48 of the Complaint.

49. Answering paragraph 49 of the Complaint, Jia lacks sufficient information or belief to determine the truth or validity of the allegations and, on that basis, denies the allegations contained in paragraph 49 of the Complaint.

50. Answering paragraph 50 of the Complaint, Jia lacks sufficient information or belief to determine the truth or validity of the allegations and, on that basis, denies the allegations contained in paragraph 50 of the Complaint.

51. Answering paragraph 51 of the Complaint, Jia lacks sufficient information or belief to determine the truth or validity of the allegations and, on that basis, denies the allegations contained in paragraph 51 of the Complaint.

52. Jia admits the allegations contained in paragraph 52 of the Complaint.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

2829037.2                                             5                              ANSWER TO COMPLAINT

53. Answering paragraph 53 of the Complaint, Jia lacks sufficient information or belief to determine the truth or validity of the allegations and, on that basis, denies the allegations contained in paragraph 53 of the Complaint.

54. Jia denies the allegations contained in paragraph 54 of the Complaint.

55. Jia denies the allegations contained in paragraph 55 of the Complaint.

56. Answering paragraph 56 of the Complaint, Jia lacks sufficient information or belief to determine the truth or validity of the allegations and the allegations set forth in paragraph 36 of the Complaint do not adequately and completely describe the terms and conditions of the document entitled Director Compensation Agreement and on those bases, Jia denies the allegations contained in paragraph 56 of the Complaint.

57. Answering paragraph 57 of the Complaint, Jia lacks sufficient information or belief to determine the truth or validity of the allegations and, on that basis, deny the allegations contained in paragraph 57 of the Complaint.

58. Jia denies the allegations contained in paragraph 58 of the Complaint.

59. Jia denies the allegations contained in paragraph 59 of the Complaint.

60. Jia denies the allegations contained in paragraph 60 of the Complaint.

61. Jia denies the allegations contained in paragraph 61 of the Complaint.

62. Jia denies the allegations contained in paragraph 62 of the Complaint.

63. Pursuant to an order entered May 12, 2020 [Docket No. 40], the allegations contained in County I of the Complaint were dismissed with leave for Plaintiff to file and serve an amended complaint by May 28, 2020. Plaintiff did not file an amended complaint by the deadline and, therefore, Jia does not answer paragraphs 62-65 in Count I of the Complaint as the cause of action has been dismissed.

66. In answering paragraph 66 of the Complaint, Jia incorporates by reference all of his responses to paragraphs 1 through 65 of the Complaint.

67. Paragraph 67 of the Complaint contains no factual allegations and requires no response.

68. Jia denies the allegations contained in paragraph 68 of the Complaint.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

69. Jia denies the allegations contained in paragraph 69 of the Complaint.

70. Jia denies the allegations contained in paragraph 70 of the Complaint.

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

71. Jia alleges that the Complaint and all claims for relief alleged therein fail to state facts sufficient to constitute a cause of action against Jia, including, but not limited to, Plaintiff's failure to prove that Jia made a material misrepresentation in writing or that Plaintiff's reliance on the alleged misrepresentation was reasonable. Moreover, Plaintiff's claims for relief are unsupported by law.

**SECOND AFFIRMATIVE DEFENSE**

**(Laches)**

72. Jia alleges that the Complaint and all claims for relief alleged therein are barred by the doctrine of laches in that Plaintiff. Plaintiff knew or should have known of the status of the Series A financing upon his employment by Faraday but did not raise the claims for relief alleged in the Complaint but instead, remained in Faraday's employment and collected substantial sums associated therewith to Jia's detriment.

**THIRD AFFIRMATIVE DEFENSE**

**(Waiver)**

73. Jia alleges that the Complaint and all claims for relief alleged therein are barred by the doctrine of waiver. Plaintiff knew or should have known of the status of the Series A financing upon his employment by Faraday and waived his rights to assert the claims for relief in the Complaint when he remained in Faraday's employment and collected substantial sums associated therewith.

**FOURTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

74. Jia alleges that the Complaint and all claims for relief alleged therein are barred by the doctrine of unclean hands. Plaintiff knew or should have known of the status of the Series A

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

financing upon his employment by Faraday but remained in Faraday's employment and fraudulently collected substantial sums associated therewith.

### FIFTH AFFIRMATIVE DEFENSE

**(In Pari Delicto)**

75. Jia alleges that the Complaint and all claims for relief alleged therein are barred by the doctrine of in pari delicto in that Plaintiff was at least equally at fault and had substantially equal economic strength and bargaining power.

### SIXTH AFFIRMATIVE DEFENSE

**(Estoppel)**

76. Jia alleges that the Complaint and all claims for relief alleged therein are barred by the doctrine of estoppel. Plaintiff knew or should have known of the status of the Series A financing upon his employment by Faraday and is estopped from asserting the claims for relief in the Complaint when he chose to remain in Faraday's employment and collected substantial sums associated therewith.

### SEVENTH AFFIRMATIVE DEFENSE

**(Offset)**

77. Jia alleges that the Complaint and all claims for relief alleged therein are barred by the doctrine of offset in that Jia has claims against Plaintiff for his material breaches of the Employment Agreement, Directors Compensation Agreement, and other duties and obligations..

### EIGHTH AFFIRMATIVE DEFENSE

**(Recoupment)**

78. Jia alleges that the Complaint and all claims for relief alleged therein are barred on the basis of recoupment in that Jia has claims against Plaintiff for his material breaches of the Employment Agreement, Directors Compensation Agreement, and other duties and obligations.

## NINTH AFFIRMATIVE DEFENSE

### (Anticipatory Breach)

79. Jia alleges that the Complaint and all claims for relief alleged therein are barred on the basis of Plaintiff's material breaches of the Employment Agreement, Directors Compensation Agreement, and other duties and obligations.

## TENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

80. Jia alleges that the Complaint and all claims for relief alleged therein are barred on the basis of Plaintiff's failure to mitigate his damages when he had a duty to do so.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

81. Jia alleges that the Complaint and all claims for relief alleged therein are barred because Plaintiff would be unjustly enriched by any recovery on Plaintiff's claim.

## TWELFTH AFFIRMATIVE DEFENSE

### (Fraud)

82. Jia alleges that the Complaint and all claims for relief alleged therein are barred because Plaintiff made material misrepresentations regarding his expertise, experience, knowledge, and connections knowing that his representations were false with intent to deceive Jia and upon which Jia justifiably relied in entering into the Directors Compensation Agreement with Plaintiff.

## RESERVATION OF RIGHTS

83. Jia reserves the right to add additional affirmative defenses as they become known through discovery and/or investigation of this matter.

WHEREFORE, Jia prays for relief and judgment against Plaintiffs as follows:

1. That Plaintiffs take nothing by way of the Complaint;

2. That Jia be awarded his costs and expenses, and to the extent permissible, his attorneys' fees, incurred in this action; and

3.    That Jia be awarded such other and further relief as the Court may deem just and proper.

DATED: June 25, 2020                    SMILEY WANG-EKVALL, LLP

By:      /s/ Lei Lei Wang Ekvall
        LEI LEI WANG EKVALL
        Attorneys for Yueting Jia

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

2829037.2

10

ANSWER TO COMPLAINT

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**3200 Park Center Drive, Suite 250, Costa Mesa, CA 92626**

A true and correct copy of the foregoing document entitled (*specify*): **Answer of Defendant Yueting Jia to Complaint to Determine Dischargeability of Debt Pursuant to 11 U.S.C. § 523(a)(2)(A) and 11 U.S.C. § 523(a)(2)(B)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.  On (*date*) **06/25/2020**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Lei Lei Wang Ekvall     lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- Robert S Marticello     Rmarticello@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- Benjamin Taylor     btaylor@taylorlawfirmpc.com
- United States Trustee (LA)     ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **06/25/2020**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Amiad Kushner
SEIDEN LAW GROUP LLP
469 Seventh Avenue, 5th Fl.
New York, New York 10018

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **06/25/2020**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**Via Email**:
Amiad Kushner
SEIDEN LAW GROUP LLP
akushner@seidenlegal.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 06/25/2020 | Lynnette Garrett | /s/ Lynnette Garrett |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                           **F 9013-3.1.PROOF.SERVICE**