**SMILEY WANG-EKVALL, LLP**
Lei Lei Wang Ekvall, State Bar No. 163047
*lekvall@swelawfirm.com*
Robert S. Marticello, State Bar No. 244256
*rmarticello@swelawfirm.com*
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Telephone:    714 445-1000
Facsimile:    714 445-1002

Attorneys for Defendant Yueting Jia

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>YUETING JIA,<br><br>                Debtor.<br><br>HONG LIU, an individual,<br><br>                Plaintiff,<br><br>   v.<br><br>YUETING JIA, an individual; and DOES 1 through 20, inclusive,<br><br>                Defendant. | Case No. 2:19-bk-24804-VZ<br><br>Chapter 11<br><br>Adv No. 2:20-ap-01022-VZ<br><br>**STIPULATION REGARDING PROTECTIVE ORDER CONCERNING EXCHANGE OF INFORMATION FOR SETTLEMENT PURPOSES** |

**TO THE HONORABLE VINCENT P. ZURZOLO, UNITED STATES BANKRUPTCY JUDGE:**

     Defendant Yueting Jia ("Mr. Jia" or "Defendant") and plaintiff Hong Liu ("Plaintiff"), by and through their counsel, enter into this *Stipulation Regarding Protective Order* (the "Stipulation").  Plaintiff and Defendant shall each be referred to individually as a "Party" and collectively as the "Parties." In support of the Stipulation, the Parties refer to the following recitals:

## RECITALS

A.  On February 4, 2020, Plaintiff filed a *Complaint to Determine Nondischargeability of Debt Pursuant to 11 U.S.C. § 523(a)(2)(A) and 11 U.S.C. § 523(a)(2)(A)* [Docket No. 1] (the "Complaint").

B.  On June 25, 2020, Mr. Jia filed the *Answer of Defendant Yueting Jia to Complaint to Determine Dischargeability of Debt Pursuant to 11 U.S.C. § 523(a)(2)(A) and 11 U.S.C. § 523(a)(2)(A)* [Docket No. 43].

C.  On August 5, 2020, in connection with settlement discussions between the Parties, Plaintiff requested certain information from Mr. Jia to be shared on a strictly confidential basis.

D.  Mr. Jia has agreed to provide certain, limited information to Plaintiff on a confidential basis in connection with settlement discussions between the Parties.

E.  Plaintiff may provide certain limited information to Defendant on a confidential basis in connection with settlement discussions between the Parties.

**WHEREFORE**, the Parties have agreed to enter into this Stipulation for the following terms of confidentiality, subject to the entry of an order of the Court approving such terms, for the issuance of an appropriately tailored Protective Order to prevent unnecessary dissemination of confidential information and to prevent disclosure thereof on the public record.

## STIPULATION

1.  "CONFIDENTIAL MATERIAL" means documents or other information designated by either Party as "confidential" or "Confidential Material" and provided by one Party to the other Party in connection with the Parties' settlement discussions.

2.  Either Party may designate documents produced to the other Party as "confidential" or "CONFIDENTIAL MATERIAL" either by notation on the document, written notice to the receiving Party's counsel, or by other appropriate means. Except as otherwise provided by this Stipulation, if at any time prior to the trial of this action, the producing Party realizes that information previously produced without limitation by it should be designated as CONFIDENTIAL

1 MATERIAL, he may so designate by so apprising the receiving Party's counsel in writing, and such
2 information will thereafter be treated accordingly under the terms of this Stipulation.

3     3.    With respect to each confidentiality category, unless otherwise stated, this
4 Stipulation applies to, and the term CONFIDENTIAL MATERIAL shall include, the following
5 documents and information:

6     (A)    all documents which have been designated by a producing Party or its counsel
7     as within such category and provided by one Party to the other Party in
8     connection with the Parties' settlement discussions;
9     (B)    all copies, extracts, complete or partial summaries, correspondence, or notes
10     prepared from such documents; and
11     (C)    all information contained in or obtained from any such documents.
12 However, CONFIDENTIAL INFORMATION shall not include: (a) any information that is in the
13 public domain at the time of disclosure to the receiving Party or becomes part of the public domain
14 after its disclosure to the receiving Party as a result of publication not involving a violation of this
15 Stipulation; and (b) any information obtained by the receiving Party after the disclosure by the other
16 Party from a third party source who obtained the information lawfully and under no obligation of
17 confidentiality to the producing Party

18     4.    Except as otherwise permitted by this Stipulation, access to and disclosure of
19     CONFIDENTIAL MATERIAL shall be limited to:
20     (1)    the receiving Party and his counsel; and
21     (2)    Any person or entity authorized in writing by the producing Party's
22     undersigned counsel to have access to the CONFIDENTIAL MATERIAL.

23     5.    Prior to any disclosure of any Confidential Material to any person referred to in
24 Paragraph 4(2) above, such person shall be provided by counsel with a copy of this Stipulation and
25 Order thereon and shall each return a signed Non-Disclosure Agreement in the form annexed as
26 Exhibit "A" hereto stating that that person has read this Stipulation and Order thereon and agrees to
27 be bound by its terms.  Each signed Non-Disclosure Agreement shall be provided to the producing
28 Party's counsel.

6. A receiving Party and his counsel shall not disclose any CONFIDENTIAL MATERIAL to any person except as permitted by Paragraph 4 and shall not use any CONFIDENTIAL MATERIAL other than for purposes of settlement. Without limiting the foregoing, neither Party nor his counsel shall file any CONFIDENTIAL MATERIAL, or include or reference any CONFIDENTIAL MATERIAL in any pleading filed, in any action, lawsuit, or proceeding by any means whatsoever, including by filings under seal or in camera.

7. No person or Party receiving any document or information designated as CONFIDENTIAL MATERIAL or under this Stipulation shall disclose such to anyone not specified in Paragraph 4 hereof, nor use such for any purpose other than for the purposes of analyzing settlement offers involving this action. Without limitation the foregoing, no person shall file any CONFIDENTIAL MATERIAL, or include or reference any CONFIDENTIAL MATERIAL in any pleading filed, in any action, lawsuit, or proceeding by any means whatsoever, including by filings under seal or in camera. No person or party receiving any document or information designated as CONFIDENTIAL MATERIAL or under this STIPULATION, including, without limitation, each Party and his counsel, shall permit such document or information to be disclosed during any deposition or testimony, nor filed with or disclosed to the Court by any means whatsoever, including by filings under seal or in camera.

8. Each person who has access to material that has been designated as CONFIDENTIAL MATERIAL shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

9. CONFIDENTIAL MATERIAL shall not be used for any purpose other than to evaluate settlement offers. This Stipulation shall remain in force and effect until modified, superseded or terminated by agreement of the parties or by order of the Court. This Stipulation may be amended by agreement of the Parties in writing.

10. Upon final termination of this action, including all appeals, all documents, testimony or pleadings within the terms of this Stipulation, including all copies, extracts, and complete or partial summaries thereof, shall be either:

    (A)    returned to the producing Party's counsel; or

2836720.1    4    STIPULATION

   (B)  destroyed with a sworn certification of such destruction being made to the producing Party's counsel.

11. The failure to designate information in accordance with this Stipulation shall not preclude the filing of a motion at a later date seeking to impose such designation. Neither this Stipulation nor the production of documents, protected information, and material hereunder shall in any way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

12. This Stipulation shall survive the termination of the litigation, and this Court shall retain jurisdiction over all persons subject to this Stipulation and Order thereon to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

13. This Stipulation applies solely to documents and information exchanged between the parties for settlement purposes. This Stipulation does not limit either Party's right to seek discovery and the Stipulation does not apply to documents and information that may be produced by the Parties or third parties in connection with discovery in this matter. This Stipulation is without prejudice to either Party's right to dispute the asserted confidential nature of any documents or information that may be produced by the other Party or third parties in connection with discovery in this matter.

STIPULATED BY:

| | |
|---|---|
| SMILEY WANG-EKVALL, LLP | THE LAW OFFICES OF BENJAMIN TAYLOR |
| By: /s/ *Robert S. Marticello*<br>  Robert S. Marticello | By: _____<br>  Benjamin Taylor |
| Attorneys for Yueting Jia | Attorneys for Hong Liu |

SO ORDERED THIS ____ day of _____, 2020

_____
Vincent P. Zurzolo
United States Bankruptcy Judge

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

# **EXHIBIT**

# **UNITED STATES BANKRUPTCY COURT**

# **CENTRAL DISTRICT OF CALIFORNIA**

# **LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br>YUETING JIA,<br>　　　　　　　　　Debtor. | Case No. 2:19-bk-24804-VZ<br>Chapter 11<br>Adv No. 2:20-ap-01022-VZ |
| HONG LIU, an individual,<br>　　　　　　　　　Plaintiff,<br>　　v.<br>YUETING JIA, an individual; and DOES 1 through 20, inclusive,<br>　　　　　　　　　Defendant. | **NON-DISCLOSURE AGREEMENT** |

_____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of any documents and information that have been designated as Confidential Material by Defendant.  I agree that I will not disclose such Confidential Material to anyone other than for purposes of settlement discussions and that at the conclusion of the litigation I will return all Confidential Material to Defendant's counsel. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States Bankruptcy Court for the Central District of California for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____    _____

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

2836720.1

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**3200 Park Center Drive, Suite 250, Costa Mesa, CA 92626**

A true and correct copy of the foregoing document entitled (*specify*): **Stipulation Regarding Protective Order Concerning Exchange of Information for Settlement Purposes** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.  On (*date*) **09/11/2020**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Lei Lei Wang Ekvall    lekvall@swelawfirm.com,
  lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- Robert S Marticello    Rmarticello@swelawfirm.com,
  gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- Benjamin Taylor    btaylor@taylorlawfirmpc.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 09/11/2020 | Lynnette Garrett | */s/ Lynnette Garrett* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**