Stephanie L. Krafchak (SBN: 113863)
skrafchak@mac.com
KRAFCHAK & LYNCH
567 West Channel Island Blvd., Ste. 332
Port Hueneme, CA 93041
Telephone:  (310) 980-9443
Facsimile:   (310) 772-0121

Amiad Kushner (*pro hac vice*)
Jake Nachmani (*pro hac vice*)
SEIDEN LAW GROUP LLP
469 Seventh Avenue 5th Fl.
New York, NY 10018
Tel: 646.766.1914
Email: akushner@seidenlawgroup.com
jnachmani@seidenlawgroup.com

*Attorneys for Plaintiff/Creditor
Hong Liu*

**SMILEY WANG-EKVALL, LLP**
Lei Lei Wang Ekvall, State Bar No. 163047
*lekvall@swelawfirm.com*
Robert S. Marticello, State Bar No. 244256
*rmarticello@swelawfirm.com*
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Telephone:  714 445-1000
Facsimile:   714 445-1002

*Attorneys for Defendant Yueting Jia*

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## LOS ANGELES DIVISION

| | |
|---|---|
| **In re:** | Chapter 11 |
| **YUETING JIA,** | Adversary Case No.: 2:20-ap-01022-VZ |
| Debtor. | Bankruptcy Case No: 2:19-bk-24804-VZ |
| **HONG LIU, an individual,** | |
| Plaintiff, | **STIPULATION FOR PROTECTIVE ORDER** |
| v. | |
| **YUETING JIA, an individual; and DOES 1 through 20, inclusive,** | |
| Defendant/Debtor. | |

2860030.1

1. INTRODUCTION

    1.1    PURPOSES AND LIMITATIONS

    Discovery in this action may involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to the terms set forth herein and request that the Court enter an order approving this Stipulation for Protective Order (the "Stipulation"). The Parties acknowledge that neither this Stipulation nor the order approving it (the "Order") confers blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 12.3 below, that this Stipulation and the Order do not entitle them to file Confidential Information under seal; Local Bankruptcy Rule 5003-2 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

    1.2    GOOD CAUSE STATEMENT

    The parties enter into this Stipulation for good cause. The subject matter of this case may involve employment agreements, compensation records, corporate financial records, and private corporate transactions. The Parties anticipate that discovery may involve the production of financial records, transactional documents, corporate documents, and other matters that may be subject to confidentiality provisions and/or protection under the Federal Rules of Civil Procedure.

2. DEFINITIONS

    2.1    <u>Action</u>: This action, case number 2:20-ap-01022-VZ, pending in the United States Bankruptcy Court for the Central District of California.

2.2 <u>Challenging Party</u>:  a Party or Nonparty that challenges the designation as "CONFIDENTIAL" of information or items under this Stipulation or the Order.

2.3 <u>"CONFIDENTIAL" Material</u>:  information (regardless of how it is generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.4 <u>Counsel</u>:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.5 <u>Designating Party</u>:  a Party or Nonparty that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6 <u>Disclosure or Discovery Material</u>:  all documents, items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or included in disclosures or responses to discovery in this matter.

2.7 <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in the Action.

2.8 <u>House Counsel</u>:  attorneys who are employees of a Party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9 <u>Nonparty</u>:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to the Action.

2.10 <u>Outside Counsel of Record</u>:  attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party and have appeared in this Action on behalf of that Party, including support staff employed by such attorneys.

2.11 <u>Party</u>:  any party to this Action, including all of its officers, directors, employees, Experts, and Outside Counsel of Record.

2.12 <u>Producing Party</u>:  a Party or Nonparty that produces Disclosure or Discovery Material in this Action.

2.13 <u>Professional Vendors</u>:  persons or entities that provide litigation support services (for example, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14 <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," except to the extent that such Disclosure or Discovery Material is determined by order of the Court to not be CONFIDENTIAL Material.

2.15 <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above) but also any information copied or extracted from Protected Material; all copies, excerpts, summaries, or compilations of Protected Material; and any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial or in connection with trial, including, without limitation, filing with the Court in advance of trial, will be governed by the orders of the Court.  This Order does not govern the use of Protected Material at trial.

4. DURATION

Even after Final Disposition of this litigation, the confidentiality obligations imposed by the Order will remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  "Final Disposition" as used herein means the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice, or (2) final judgment after the completion and exhaustion of all

appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time under applicable law.

5.  DESIGNATING PROTECTED MATERIAL

5.1  Each Party or Nonparty that designates information or items for protection under this Stipulation and the Order must take care to limit any such designation to specific material that qualifies under the Federal Rules of Civil Procedure.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Stipulation and the Order.  Mass, indiscriminate, or routinized designations are prohibited.

If it comes to a Designating Party's attention that information or items it designated for protection do not qualify for that level of protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2  Except as otherwise provided in this Stipulation and/or the Order, Disclosure or Discovery Material that qualifies for protection under this Stipulation and the Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Stipulation and the Order requires the following:

(a)  for information in documentary form (for example, paper or electronic documents but excluding transcripts of depositions or other pretrial or trial proceedings), the Producing Party must affix at a minimum the legend "CONFIDENTIAL" to each page that contains Protected Material.  If only a portion or portions of the material on a page qualify for protection, the Producing Party

1  must clearly identify the protected portion(s) (for example, by making appropriate
2  markings in the margins).
3        A Party or Nonparty that makes original documents available for
4  inspection need not designate them for protection until after the inspecting Party has
5  indicated which documents it would like copied and produced.  During the
6  inspection and before the designation, all material made available for inspection
7  must be treated as "CONFIDENTIAL."  After the inspecting Party has identified the
8  documents it wants copied and produced, the Producing Party must determine which
9  documents, or portions thereof, qualify for protection under the Order.  Then, before
10 producing the specified documents, the Producing Party must affix the
11 "CONFIDENTIAL" legend to each page that contains Protected Material.  If only a
12 portion or portions of the material on a page qualify for protection, the Producing
13 Party also must clearly identify the protected portion(s) (for example, by making
14 appropriate markings in the margins).
15     (b)  for testimony given in depositions, the Designating Party must identify
16 the Disclosure or Discovery Material that is protected on the record before the close
17 of the deposition.
18     (c)  for information produced in some form other than documentary and for
19 any other tangible items, the Producing Party must affix in a prominent place on the
20 exterior of the container or containers in which the information is stored the legend
21 "CONFIDENTIAL."  If only a portion or portions of the information warrant
22 protection, the Producing Party, to the extent practicable, must identify the protected
23 portion(s).
24 5.3  If corrected, an inadvertent failure to designate qualified information or items
25 does not, standing alone, waive the Designating Party's right to secure protection
26 under the Order for that material.  On correction of a designation, the Receiving
27 Party must make reasonable efforts to assure that the material is treated in
28 accordance with the provisions of this Order.

6. **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

    6.1    Any Party or Nonparty may challenge a designation of confidentiality by seeking an order from the Court that certain Protected Material is not CONFIDENTIAL Material and may do so at any time prior to the deadline to complete discovery ordered by the Court (unless otherwise ordered by the Court).

    6.2    The Challenging Party must initiate the dispute-resolution process (and, if necessary, file a discovery motion) under Local Bankruptcy Rule 7026-1.

    6.3    The burden of persuasion in any such proceeding is on the Designating Party. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties must continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge and, thereafter, in accordance with the Court's ruling.

7. **ACCESS TO AND USE OF PROTECTED MATERIAL**

    7.1    A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Nonparty only in connection with this Action and for prosecuting, defending, or attempting to settle this Action. Protected Material may be disclosed only as set forth in Section 7.2 below. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a manner sufficiently secure to ensure that access is limited to the people authorized under this Stipulation and/or the Order.

    7.2    Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any Protected Material only to the following people:

    (a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of that Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)  the officers, directors, employees (including House Counsel), consultants, and advisors of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)  Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)  the Court and its personnel, including by filing it with the Court;

(e)  court reporters and their staff;

(f)  professional trial consultants and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)  the author, recipient, or custodian of a document containing the information;

(h)  a witness during his or her deposition and the attorney(s) for such witness to whom disclosure is reasonably necessary, provided that the witness signs the form attached as Exhibit A hereto and the witness is not permitted to keep any Protected Material, unless otherwise permitted by this Order.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as otherwise permitted under the Order; and

(i)  any mediator or settlement officer, and their supporting personnel, mutually agreed on by any of the Parties engaged in settlement discussions or appointed by the Court.

8.   **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Protected Material that Party must

   (a) promptly notify in writing the Designating Party. Such notification must include a copy of the subpoena or court order unless prohibited by law;

   (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to the Order. Such notification must include a copy of this Stipulation and the Order; and

   (c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

  If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order should not produce the subject Protected Material before a determination on the protective-order request by the relevant court unless the Party has obtained the Designating Party's permission. The Designating Party bears the burden and expense of seeking protection of its Protected Material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9. <u>A NONPARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

   (a) The terms of this Order are applicable to information produced by a Nonparty in this Action and designated as "CONFIDENTIAL." Such information is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Nonparty from seeking additional protections.

   (b) In the event that a Party is required by a valid discovery request to produce a Nonparty's CONFIDENTIAL Material in its possession and the Party is subject to an agreement with the Nonparty not to produce the Nonparty's CONFIDENTIAL Material, then the Party must

        (1) promptly notify in writing the Requesting Party and the Nonparty that some or all of the information requested is subject to a confidentiality agreement with a Nonparty;

        (2) promptly provide the Nonparty with a copy of this Stipulation and the Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

        (3) make the information requested available for inspection by the Nonparty, if requested.

    (c) If the Nonparty fails to seek a protective order within 21 days of receiving the notice and accompanying information, the Receiving Party may produce the Nonparty's Confidential Material responsive to the discovery request and may do so as Protected Material. If the Nonparty timely seeks a protective order, the Receiving Party must not produce any information in its possession or control that is subject to the confidentiality agreement with the Nonparty before a ruling on the protective-order request. Absent a court order to the contrary, the Nonparty must bear the burden and expense of seeking protection of its CONFIDENTIAL Material.

10. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

    If a Receiving Party learns that by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must, at its own expense, immediately notify the Designating Party in writing of the unauthorized disclosures, use its best efforts to retrieve all unauthorized copies of the Protected Material, inform the person or people to whom unauthorized disclosures were made of the terms of this Stipulation and the Order, and ask that person or people to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

12. <u>MISCELLANEOUS</u>

12.1  Nothing in the Stipulation or the Order abridges the right of any person to seek modification of either by the Court.

12.2  By entering into this Stipulation and/or by the entry of the Order, no Party waives any right it otherwise would have to object to discovery propounded on such Party or to disclosing or producing any documents, information, or item on any ground that is not addressed in this Order, including, without limitation, on the basis that such information or item is not relevant to the Action or to protect a Party from undue burden or expense.  Similarly, no Party waives any right to object on any ground to the use in evidence of any Discovery or Disclosure Material.

12.3  A Party that seeks to file under seal any Protected Material must comply with Local Bankruptcy Rule 5003-2.  Protected Material may be filed under seal only pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.  A Receiving Party is not required to seek permission to file Protected Material under seal in order to file such Protected Material with the Court for use in connection with the Action.

13. <u>FINAL DISPOSITION</u>

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in

this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that identifies (by category, when appropriate) all the Protected Material that was returned or destroyed and affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; attorney work product; and consultant and expert work product even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4 (DURATION).

14.  **SANCTIONS**

Nothing in this Order shall be construed to prevent a Party from seeking sanctions against another Party or that Party's Outside Counsel of Record for any violation of this Order in accordance with the applicable legal standard.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: March 9, 2021         Jake Nachman
                             Attorneys for Plaintiff

DATED: March 8, 2021         /s/ Robert S. Marticello
                             Attorneys for Defendant

2860030.1                            12

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [**full name**], of _____ [**full address**], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States Bankruptcy Court for the Central District of California on [date] in the case of *Hong Liu v. Yueting Jia*, 2:20-ap-01022-VZ (Bankr. C.D. Cal.).  I agree to comply with and to be bound by all terms of the Stipulation for Protective Order (the "Stipulation") and the Order approving such Stipulation (the "Order"), and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment, including contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to the Stipulation and the Order to any person or entity except in strict compliance with the provisions of the Order.

I further agree to submit to the jurisdiction of the United States Bankruptcy Court for the Central District of California for the purpose of enforcing the terms of the Stipulation and the Order, even if such enforcement proceedings occur after termination of this action.  I hereby appoint _____ [**full name**] of _____ [**full address and telephone number**] as my California agent for service of process in connection with this action or any proceedings related to enforcement of the Stipulation and the Orderr.

Date: _____

City and State where signed: _____

Printed name: _____

Signature: _____

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**3200 Park Center Drive, Suite 250, Costa Mesa, CA 92626**

A true and correct copy of the foregoing document entitled (*specify*): **Stipulation for Protective Order** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **3/9/2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Lei Lei Wang Ekvall**    lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- **Robert S Marticello**    Rmarticello@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- **Benjamin Taylor**    btaylor@taylorlawfirmpc.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 3/9/2021 | Lynnette Garrett | */s/ Lynnette Garrett* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    **F 9013-3.1.PROOF.SERVICE**